**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

In re:

| | | |
|---|---|---|
| CJ Cahill Design Build Inc. | * | Case No: 22-16226 MCR |
| | * | Chapter 7 |
| Debtor(s) | * | |
| * * * * * * * | * | * * * * * * |

**FIRST AND FINAL APPLICATION FOR APPROVAL OF**
**COMPENSATION OF LARRY STRAUSS AND LARRY STRAUSS, ESQ.,**
**CPA AND ASSOCIATES, INC. AS ACCOUNTANTS FOR THE TRUSTEE**

Larry Strauss and Larry Strauss, Esq., CPA and Associates, Inc. ("Strauss"), by and through undersigned counsel, accountants to Laura J. Margulies, the Chapter 7 Trustee (the "Trustee"), files this *First and Final Application for Approval of Compensation of Larry Strauss and Larry Strauss, Esq., CPA and Associates, Inc. as Accountants for the Trustee* (the "Application") for the period of March 13, 2023 through April 7, 2025 (the "Application Period"), pursuant to 11 U.S.C. §§ 327, 330 and 331 (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). Strauss seeks final allowance of fees in the amount of $10,734.00 and expenses in the amount of $500.00. The accountant is making a voluntary discretionary adjustment of $6,734.00 for a total requested allowance of fees in the amount of Four Thousand Dollars ($4,000), representing ten (10) hours of time expended by the Applicant in Exhibit A for the Fee Period, and expenses in the amount of $500.00.

**JURISDICTION**

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157, 11 U.S.C. §§ 328, 330, and 331 and Rule 2016 of the Federal Rules of Bankruptcy

Procedure.  Venue in this Court is proper pursuant to 28 U.S.C. § 1409.  This Application is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

2. On November 7, 2022, CJ Cahill Design Build Inc (the Debtor) filed with this Court a Voluntary Petition for bankruptcy relief and protection under Chapter 7 of the United States Bankruptcy Code.

3. Laura J. Margulies is the Trustee of the Debtor's Chapter 7 estate.

4. On December 27, 2022, the Trustee filed an application to employ Strauss, Docket Number 29.

5. On January 18, 2023, the Court entered an order authorizing the employment of Strauss with compensation subject to application before the Court. Docket Number 38.

## SERVICES RENDERED

During the period covered by this Application, Strauss prepared the Debtor's tax returns and general accounting.

## PRIOR APPLICATIONS FOR COMPENSATION

This is the first and final application for compensation for Strauss.

## INFORMATION REQUIRED BY RULE 2016

As required by Federal Rule of Bankruptcy Procedure 2016, Strauss discloses that it did not receive a retainer. No other compensation was promised except for compensation on an hourly basis for services performed as set forth herein. No compensation received has been shared. There is no understanding between Strauss and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case.

## VALUE OF SERVICES

A.    Computation of Value

Strauss submits that the services provided were important, necessary, valuable, constructive, positive, and reasonable, and were all rendered with the objective of assisting the Trustee to administer the estate.

The fees and expenses charged by Strauss during the period from March 13, 2023 to April 7, 2025, using the lodestar method of fee computation, are:

| Fees | Expenses |
|---|---|
| $10,734.00 | $500.00 |

Copies of the records of the actual time entries made by all of the professionals rendering service to the Trustee are attached hereto as **Exhibit A.**

B.    Identification of Professionals Rendering Service

Services were rendered by Larry Strauss at $550.00/hour, Larry Strauss at $525.00/hour, Larry Strauss at $500.00/hour, Orly Silver at $390.00/hour, Sholom Dov Sussman at $365.00/hour, Sholom Dov Sussman at $345.00/hour, Michael Ray at $295.00/hour, Michael Shoob at $185.00/hour, and Michael Shoob at $175.00/hour. This rate is reasonable for firms of this kind in this area. This firm has particular expertise in bankruptcy tax matters.

C.    Billing Discretion

Strauss billed the estate on a fixed hourly rate for services performed.

## EVALUATION STANDARDS

Strauss submits it is entitled to payment of the full amount requested herein for fees and expenses, based upon the factors established in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216

(4th Cir. 1986).  *See In re Information Network, Inc.*, 465 B.R. 67 (Bankr. D. Md. 2011).  Strauss is also entitled to the fees sought herein, based upon the Guidelines established by Appendix D to the Local Rules of this Court, as addressed in detail below:

    a.    <u>Skill Required to Perform the Services Properly</u>: Strauss submits that the skill and competency level required of Chapter 7 accountants to the Trustee is, at a minimum, the ordinary skill and competence required of an experienced accountant practicing in a specialized field.

    b.    <u>Preclusion of Other Employment</u>: Strauss was not denied the opportunity to accept representations of other clients as a result of their rendition of service to the Trustee herein.

    c.    <u>Novelty and Difficulty of Questions</u>: While not simple, Strauss has not encountered truly novel or difficult questions in the course generally of their service to the Trustee warranting any variation from the "lodestar" amount.

    d.    <u>Time and Labor Required</u>: The time and labor required of Strauss in connection with its service to the Trustee is set forth in the time records attached hereto as Exhibit A. The amount of compensation sought through this Application is the lodestar amount, derived from the hours actually billed on their matter, as reflected in Exhibit A.

    e.    <u>The Customary Fee</u>: The hourly rates charged by Strauss for the services specified in Exhibit A are the customary rates charged by Strauss, and are, Strauss submits, at market rate for accountants of comparable experience and expertise. No variance from practice of billing time at an hourly rate  -- *e.g.*, through "value billing" – was ever undertaken or permitted by Strauss.

    f.    <u>Fixed or Contingent</u>: The fees charged by Strauss were determined at an hourly rate, based on time actually expended working on matters for the Trustee. The matter was not

undertaken on any arrangement, promise or expectation other than the anticipation of payment of services rendered on an hourly basis, to the extent allowed by this Court.

      g.    <u>Experience, Reputation and Ability of the Accountants</u>: Strauss has extensive experience in dealing with businesses and bankruptcy cases. The Trustee submits that Strauss is well regarded by its peers and enjoys a favorable reputation.

      h.    <u>Awards in Similar Cases</u>: Strauss submits that the compensation requested herein is similar to fee awards granted to other accountants who have served as accountants to Chapter 7 trustees in similar cases.

      i.    <u>Time Limitations</u>: Strauss was not burdened by unusual time limitations.

      j.    <u>Results Obtained</u>: Strauss submits that the services rendered by it yielded beneficial economic results for the estate and the creditors.

      k.    <u>Discount</u>: Strauss is not providing a discount in this case.

## **ABILITY TO PAY**

It appears the estate has sufficient funds to pay Strauss' fees, and to reimburse the Accountants for costs incurred.

**WHEREFORE**, Applicant prays that it be awarded final compensation and costs as follows:

      A.    That compensation be awarded to Strauss in the amount of Four Thousand Dollars ($4,000.00) and reimbursement of out-of-pocket expenses necessarily incurred in the amount of Five Hundred ($500.00), after the Applicant has made a discretionary adjustment of Six Thousand Seven Hundred Thirty-Four Dollars ($6,734.00); and

      B.    That this Court authorize the Trustee to immediately pay the sum of Four Thousand Five Hundred Dollars ($4,500.00); and

And for such other and further relief as this Honorable Court may deem just and proper under the circumstances.

Dated: May 2, 2025

Respectfully submitted,
<u>Laura J. Margulies</u>
Laura J. Margulies
Laura Margulies Trustee, PC
7050 W. Palmetto Park Road, Suite 15-390
Boca Raton, FL  33433
Phone: (301) 483-9800
<u>Trustee@law-margulies.com</u>